IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ysamar Pineda, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Airline Training Center Arizona Incorporated,<br><br>    Defendant. | No. CV-17-00760-PHX-ROS<br><br>**ORDER** |

Plaintiffs are the personal representatives of two individuals killed in a plane crash in France. Defendant Airline Training Center Arizona, Inc. ("ATCA"), provided training to the pilot who caused the plane crash. ATCA seeks dismissal of this suit based on the doctrine of *forum non conveniens*. Consistent with a well-reasoned decision issued by Judge Humetewa in a substantially similar suit, the parties will be sent to litigate this case in Germany, subject to certain conditions.

**BACKGROUND**

As of March 2015, Andreas Lubitz was working as a pilot for Germanwings, a German low-cost airline. On March 24, 2015, Lubitz was the co-pilot for a Germanwings flight from Barcelona to Dusseldorf. A total of 150 people were on board. Midflight, Lubitz locked the Captain out of the cockpit and intentionally flew the aircraft into a mountainside. Everyone on board was killed. The ensuing investigation determined Lubitz had longstanding mental illnesses.

Two of the passengers on that flight were Nolberto Enrique Ariza and Juan

Armando Pomo.  Plaintiff Ysamar Pineda is the personal representative of Mr. Ariza and Plaintiff Gladys Ferreira is the personal representative of Mr. Pomo.  Pineda and Ferreira ("Plaintiffs") are residents and citizens of Paraguay.  Plaintiffs have no direct contacts with Arizona or the United States.[1]

The connection between ATCA and Germanwings is somewhat complicated.  According to the complaint, ATCA is a corporation organized in Arizona with its principal place of business in Arizona but it is "a wholly-owned subsidiary of Lufthansa Flight Training GmbH."  (Doc. 1 at 7).  Lufthansa Flight Training GmbH is, in turn, "a wholly-owned subsidiary of Deutsch Lufthansa AG."  And Deutsch Lufthansa AG "owns and operates Germanwings, a low-cost airline."  Thus, ATCA and Germanwings are related through a shared owner.

Believing ATCA can be held responsible for the Germanwsings crash, Plaintiffs assert a single claim against ATCA for "wrongful death/negligence."  This claim is based on ATCA's alleged failures "in selecting, screening, admitting, and training [Lubitz] to become a commercial airline pilot."  (Doc. 1 at 14).  The basic theory underlying the complaint is the training provided by ATCA was a necessary step for Lubitz to become qualified to fly commercial aircraft.  Plaintiffs alleged that if ATCA had properly screened Lubitz, he would not have completed his training and would not have been in a position to intentionally crash the Germanwings flight.  ATCA has moved to dismiss the complaint for failure to state a claim, for summary judgment based on the lack of evidence, or in the alternative, for dismissal on the grounds of *forum non conveniens*.

This suit is not the first time ATCA has been sued in Arizona based on Lubitz's conduct.  In March 2016, a citizen of Australia sued ATCA based on the death of his wife and son in the Germanwings crash.  (CV-16-859, Doc. 1 at 2).  And in April 2016, over

---

[1] Mr. Pomo had a daughter who is a United States citizen.  The complaint alleges Arizona law should apply to Ferreira's claim in this suit and, based on Arizona's wrongful death statute, wrongful death actions can only be brought by a single plaintiff acting behalf of all statutory beneficiaries. *Wilmot v. Wilmot*, 58 P.3d 507, 511 (Ariz. 2002) ("[a] wrongful death action . . . is one action for damages with one plaintiff and one judgment").  Thus, this litigation will be controlled by Ferreira and the citizenship of Mr. Pomo's daughter is only marginally relevant.

- 2 -

1  one hundred individuals sued ATCA based on the deaths of 81 individuals in the
2  Germanwings crash.  Of those 81 individuals, 70 were German citizens while the
3  remaining were citizens of countries other than the United States.  Those two suits were
4  consolidated and, in March 2017, Judge Humetewa dismissed the consolidated suit based
5  on *forum non conveniens*.  (CV-16-1027, Doc. 50).  After conducting a careful analysis
6  of the private and public interest factors relevant to the *forum non conveniens* analysis,
7  Judge Humetewa concluded the case presented one of the exceptional situations where
8  dismissal was appropriate.  Judge Humetewa directed the parties to litigate in Germany,
9  subject to certain conditions.

## ANALYSIS

11  ATCA seeks dismissal for failure to state a claim, summary judgment, or dismissal
12  based on *forum non conveniens*.  There is no need to determine whether Plaintiffs have
13  stated or claim or if they have sufficient evidence to survive summary judgment if the
14  case should be dismissed based on *forum non conveniens*.  As explained by the Supreme
15  Court, "a district court has discretion to respond at once to a defendant's *forum non*
16  *conveniens* plea, and need not take up first any other threshold objection."  *Sinochem Int'l*
17  *Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007).  Thus, the *forum non*
18  *conveniens* argument is the appropriate place to start.

19  ATCA filed its motion to dismiss in this case shortly after Judge Humetewa's
20  order but Plaintiffs' opposition to that motion does not meaningfully address the
21  reasoning Judge Humetewa employed in dismissing based on *forum non conveniens*.  The
22  present case and the consolidated cases handled by Judge Humetewa are functionally
23  identical in terms of the factual basis, claims, location of evidence, and the expected cost
24  of conducting the litigation either in Arizona or Germany.  Based on the similarities
25  between the two cases, there is no need to redo the work already performed by Judge
26  Humetewa.  However, the Ninth Circuit has directed district courts to provide as much
27  detail as possible when conducting the *forum non conveniens* analysis.  *See, e.g.*,
28  *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011) (faulting

district court for not explicitly discussing one factor).  Thus, the Court will adopt as its own the following portions of Judge Humetewa's analysis.

> "A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)).  "In dismissing an action on *forum non conveniens* grounds, the court must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favor dismissal."  *Id.* (citations omitted).

Plaintiffs do not argue Germany is an inadequate alternative forum.  Thus, only the balance of the public and private factors is in dispute.[2]

> The private interest factors a court considers in deciding whether a *forum non conveniens* dismissal is appropriate are: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508).  The public interest factors the court must consider are "(1) local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of dissolving a dispute unrelated to this forum."  *Id.* at 1147 (citing *Piper Aircraft*, 454 U.S. at 259-61).  "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal."  *Carijano*, 643 F.3d at 1224.

---

[2] Usually there "is a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.  However, [b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."  (CV-16-1027 Doc. 50 at 12).  In this case, Plaintiffs are citizens of Paraguay and their choice of forum is entitled to less deference.  While there is a United States citizen who might benefit from the claims asserted in this case, Plaintiffs do not cite authority that a citizen beneficiary in these circumstances should meaningfully impact the amount of deference owed to Plaintiffs' choice of forum.  Despite the absence of authority, and in an abundance of caution, the Court will give more deference to Plaintiffs' choice of forum based on a United States citizen having a connection to this litigation.  That additional deference, however, does not change the ultimate conclusion because the other factors supporting dismissal based on the doctrine of *forum non conveniens* remain compelling.

\*\*\*

It appears that none of the plaintiffs or their decedents is a resident of the United States. Similarly, although the witnesses affiliated with ATCA are here in Arizona, far more witnesses are likely in Germany. As has been made clear by [ATCA's] motion to dismiss, one of the key issues in this case is causation. Witnesses and other evidence pertaining to that issue, including Lubitz's mental health treatment providers, people involved in Lubitz's training after he left ATCA, German officials who were involved in issuing Lubitz's medical certificate, Germanwings employees involved in hiring Lubitz, and many others, are located in Germany. Regarding the forum's convenience to the litigants, the German courts would be no less convenient to Plaintiffs than this Court, and in most cases, much more convenient.[3] [ATCA] has agreed to "make available in Germany, at its expense, all witnesses and evidence that it is required to produce." With regard to access to physical evidence and other sources of proof, some such evidence is here in Arizona including any files or other information ATCA has regarding Lubitz's participation in its training program. The bulk of the evidence relevant to the key issues in this case, however, is likely in Germany. As to whether unwilling witnesses can be compelled to testify, witnesses located in Germany are beyond this Court's jurisdiction and the Court would be unable to compel their presence should they choose not to come voluntarily. [ATCA], however, has agreed to make any witnesses available, at [ATCA's] expense, for proceedings in the German courts. Regarding the enforceability of any judgment, Plaintiffs argue there is a question whether a German court would exercise jurisdiction over a non-resident defendant such as ATCA even with ATCA's consent. [ATCA] disputes that . . . . The Court, however, can condition a *forum non conveniens* dismissal on a German court's exercise of jurisdiction over ATCA. Accordingly, the Court can require [ATCA's] agreement to subject itself to the jurisdiction of the German courts to also extend to enforcement of any judgment issued against it. For these reasons, the Court finds that the private interest factors weigh in favor of dismissal.

The Court reaches the same conclusion with respect to the public interest factors. Although Arizona certainly has an interest in this litigation, it is comparatively low when considering the much higher level of public interest in the lawsuit that is likely in Germany given the number of German citizens who lost their lives in the crash. Regarding familiarity

---

[3] Plaintiffs assert the current case involves citizens of Paraguay while Judge Humetewa's case involved citizens of Germany, the United Kingdom, Spain, Australia, Japan, Mexico, Colombia, Morocco, and Iran. (CV-16-1027, Doc. 19-1 at 8). Travel from Paraguay to Germany does not present unique logistical challenges compared to travel to Germany from the other countries involved in the previous suit.

with the governing law, there is no question that this Court is more familiar with Arizona tort law.  Courts, however, often have to apply the law of a different jurisdiction and there is no reason to believe a German court would be unable to do so in this case.  The two court-related factors, including burden on local courts and juries, and congestion in the court, do not weigh heavily for or against dismissal.  The final public interest factor, the costs of resolving a dispute unrelated to this forum, weigh in favor of dismissal.  Because the bulk of the evidence is in Germany, the costs to the German courts and to the parties are likely to be much less than if the action were maintained here.

Upon consideration of all the relevant factors, including the adequacy of the alternative forum, the level of deference accorded to foreign plaintiffs' choice of forum [as modified by the presence of a United States citizen as beneficiary of one of the decedents], and whether the balance of private and public interest factors favor dismissal, the Court finds that dismissal based on *forum non conveniens* is warranted here.  The Court is most persuaded by [ATCA's] argument that "because the vast majority of the events related to the subject crash occurred in Germany, [ ] it would be extremely expensive and time consuming for the parties to have to attempt to engage in what would be the required extensive foreign discovery in Germany concerning the events related to the crash." (Doc. 18 at 16).  Recognizing that Plaintiffs chose this forum, the Court finds that the relevant factors it must consider override Plaintiffs' choice, and the balance clearly weighs in favor of dismissal based on *forum non conveniens*.  The Court is mindful that its discretion to dismiss a case on this basis should be used sparingly. As in *Lueck*, however, where the Ninth Circuit affirmed a judge in this district in a factually similar case, the Court concludes the relevant considerations favor this result.  The Court will, however, impose certain conditions on the dismissal to ensure that Plaintiffs are not without [a] forum to present their claims against Defendant.[4]

Accordingly,

**IT IS ORDERED** the Motion to Dismiss, Motion for Summary Judgment, and Motion to Dismiss on the Grounds of *Forum Non Conveniens* (Doc. 14) is **GRANTED IN PART**.  The case is dismissed on the grounds of *forum non conveniens* subject to the following conditions:

---

[4] Judge Humetewa required ATCA comply with the discovery rules in the Federal Rules of Civil Procedure.  There is no indication the discovery procedures in Germany would be inadequate.  Therefore, the Court will not impose that condition.

- 6 -

1. The German court in which the action is filed must accept jurisdiction over the case and Defendant;
2. Defendant must agree to accept service, agree to the jurisdiction of the German court, and make available in Germany, at its expense, all witnesses and evidence that it is required to produce;
3. Defendant must agree that it will satisfy any judgment imposed by the German court; and
4. Defendant must agree to waive any available statute of limitations defenses in Germany, provided that Plaintiffs file the case in Germany within 180 days of this Order.

**IT IS FURTHER ORDERED** if any of the above conditions is not met, Plaintiffs may re-file their complaint in this Court.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of dismissal without prejudice.

Dated this 8th day of November, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge